UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | Criminal No. 10-2(1)-ART |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| JIMMY D. CORNETT, | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

The defendant Jimmy D. Cornett moved for a new trial based on comments made by a juror after the jury rendered its verdict. R. 94. The United States opposed the motion. R. 96. Cornett's arguments fail because juror statements about deliberations are inadmissible under Fed. R. Evid. 606(b).

## BACKGROUND

A federal grand jury indicted Cornett on January 21, 2010. R. 1. He was charged with conspiring to manufacture and aiding and abetting the manufacture of methamphetamine; aiding and abetting the possession of equipment, products, and materials used to manufacture methamphetamine; aiding and abetting the possession of a firearm in furtherance of a drug trafficking crime; and two counts of possessing a firearm after having been previously convicted of felony. *See id.*

On May 17, 2010, the defendant proceeded to trial. After the close of the United States's case, Cornett and two others testified for the defense. The jury returned a guilty verdict on all six counts. R. 85. After the reading of the verdict and release of the jurors, the

Court spoke with the jury to thank them for their time and service. During the course of this discussion, a juror commented that the defense should have presented more evidence. The Court spoke with counsel on May 19, 2010, by telephone, to inform them of the juror's comment. R. 91. The defendant then filed a motion for a new trial. R. 94.

Cornett argues that he is entitled to a new trial under Fed. R. Crim. P. 33, in order to protect his Fifth and Sixth Amendment rights under the United States Constitution. R. 94 at 1. Further, he asserts that the statement shows the juror did not follow instructions, the juror did not apply the presumption of innocence, and the verdict was not unanimous. *Id.* at 2-3.

## DISCUSSION

"Rule 33 of the Federal Rules of Criminal Procedure permits a district court, upon a defendant's motion, to 'vacate any judgment and grant a new trial if the interest of justice so requires.'" *United States v. Wheaton*, 517 F.3d 350, 360-61 (6th Cir. 2008) (quoting *United States v. Pierce*, 62 F.3d 818, 823 (6th Cir. 1995). "The decision whether to grant a new trial is left to the sound discretion of the trial court." *Pierce*, 62 F.3d at 823. When granting a new trial (for newly discovered evidence or juror misconduct, for example), courts require a finding of prejudice. *See United States v. Carson*, 560 F.3d 566, 585 (6th Cir. 2009) (requiring, among other things, that a defendant must show that the new evidence would likely produce acquittal (quoting *United States v. Seago*, 930 F.2d 482, 488 (6th Cir. 1991)); *Wheaton*, 517 F.3d at 362 (stating that the defendant "must do more than raise a 'serious suspicion' in order to demonstrate that he is entitled to a new trial. He bears the burden of proving that the jury was biased.").

But the Court need not reach the interests of justice analysis in Cornett's case, because the Federal Rules of Evidence prohibit it from even considering the juror's statement. Rule 606(b) explains that:

> Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith. . . . A juror's affidavit or evidence of any statement by the juror may not be received on a matter about which the juror would be precluded from testifying.

Fed. R. Evid. 606(b). The rule includes three exceptions: A juror may testify about: "(1) whether extraneous prejudicial information was improperly brought to the jury's attention, (2) whether any outside influence was improperly brought to bear upon any juror, or (3) whether there was a mistake in entering the verdict onto the verdict form." *Id*.

The Supreme Court has addressed Rule 606(b) and applied its plain meaning. An evidentiary hearing is required only where "extrinsic influence or relationships have tainted the deliberations." *Tanner v. United States*, 483 U.S. 107, 120 (1987) (citations omitted); *cf. Garcia v. Andrews*, 488 F.3d 370, 375 (6th Cir. 2007) (juror's feelings of grave concern about his safety did not require an evidentiary hearing because it was not based on extrinsic influence). An "extraneous influence on a juror [is] derived from specific knowledge about or a relationship with either the parties or their witnesses," *United States v. Herndon*, 156 F.3d 629, 636 (1998), such as "prior business dealings with the defendant, applying to work for the local district attorney, conducting an out of court experiment, [or] discussing the trial with an employee," *United States v. Owens*, 426 F.3d 800, 805 (6th Cir. 2005) (citations

omitted).

Recently, the Sixth Circuit considered a situation similar to Cornett's and reached the same result. *See United States v. Kelley*, 461 F.3d 817, 830-32 (6th Cir. 2006). A juror in *Kelley* spoke to the media post-trial and stated: "I was also struck by the fact that neither of the Kelleys testified. If they were innocent, they would have testified." *Id.* at 830-31. The court found the statements within the purview of Rule 606(b). It rejected the defendant's argument that a juror's statement about lack of evidence demonstrated an extraneous influence at work. Instead, the Sixth Circuit agreed with other circuits that the defendant's decision not to testify "is not a fact the jurors learned through outside contact, communication, or publicity. It did not enter the jury room through an external, prohibited route. It was part of the trial, and was part of the information each juror collected" and thus, did not fall within the exceptions to 606(b). *Id.* at 831-32 (quoting *United States v. Rodriquez*, 116 F.3d 1225, 1227 (8th Cir. 1997)). The same applies to Cornett. The juror's reference to the lack of evidence presented, based upon the evidence that *was* presented, comes directly from observations made within the courtroom. The juror did not mention any extraneous information or outside influence to the Court. Nor does Cornett allege that any outside influences were present. For these reasons, the statements made by the juror after Cornett's trial are inadmissible under 606(b). Neither the juror nor any other party may testify or represent the juror's post-trial statements.

Finally, Cornett mis-characterizes the juror's statement in his motion. Cornett states that the juror said he thought the defense attorney should have presented more evidence

4

showing the defendant to be innocent. R. 94 at 2. The juror did not mention innocence or the burden of proof and only stated that the defense should have presented more evidence. Cornett also states that the juror repeated the comments after the Court responded; this did not occur, nor did the Court convey to counsel that the juror did.

Though the interests of justice analysis is not necessary here, it is worth noting that the juror's statement does not necessarily mean the juror did not understand the burden of proof. Cornett, in fact, did put on some evidence. While the statement alone is troubling, the juror's statement may have reflected a feeling that the defense should have further explained the details of the case that it chose to present. As the Court explained to the juror, it is always a delicate balance for a defense attorney to decide how much evidence to put forth.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that the defendant's motion for a new trial, R. 94, is **DENIED**.

This the 19th day of July, 2010.

Signed By:
*Amul R. Thapar* AT
**United States District Judge**